Judge Buckner
delivered the opinion of the Court.
Burdett and others vs. Simms, Am-brose Simms, filed his bill in chancery, in the Nicho* ^as c*rcuit court, to be relieved against a judgment, obtained against him, by .Nelson Burdett, assignee, of Thomas A. Marshall, who was assignee of Humphrey ^ars^a^5 who was assignee of Michaei Geohegan, obligee, upon a note executed by the complainant, for f200, dated 26th Jauuary, 1821, payable in *191 current money of Kentucky. The grounds assumed by the complainant, for the relief sought, are, that the note was drawn, payable in that manner, under erroneous impression, entertained by the contracting parties, that the legal import, of the word “current money of Kentucky,” would justify a demand for the current bank paper, of the state only. He alleges that the note, was one of several others, amounting in the aggregate, to $900, executed as the price of one hundred acres of land, purchased by.complaiu-ant of Geoghegan; that notes were in the first instance, prepared by a gentleman, who was present, at the time the contract was made payable in dollars, which he refused to execute in that way,' declaring his willingness to bind himself, to pay, in the currency of the country, and in no other way. ' That the notes were accordingly prepared in the manner, they were executed; that as the notes severally became due, he had discharged them, in the current bank paper of the state,except the one in cdhtest, upon which, the assignee had recovered judgment, and was attempting to coerce specie. Geoghegrin does not deny in his answer, these statements. Indeed, he substantially admits them. H. Marshall, Thomas A. Marshall, and Burdett, answer, that they were innocent purchasers of the note, for a valuable consideration, without notice of any such understanding, and call on the complainant, for proof of the allegations of his bill.
The depositions in the cause, fully establish the allegations of the bill. ' It was proved, that before Simms executed the notes, he declared his illiteracy, and inability, to read or write, in the presence of Geoghegan, and inquired of a gentleman present, whether the notes, as drawn, forcurrent money, would compel him to pay specie; the response to which was, that they could not. The proof is, that Geoghegan heard the whole of this conversation, did not object to the opinion thus given, but seemed to assent to its correctness.
Under this state of case, the <¿ourt cannot doubt the propriety of granting relief The contract was evidently made, for.tho current paper, or bank notes *192 of ihe state. The proof warrants the conclusion, that both the Obligor, and obligee, so understood it, and that they each believed, that the words “current money of Kentucky,” meant current bank paper. If so it was the mistake, not of one party only, but of both of them. If Geoghegan did not so understand it, he was guilty of a fraud in not procuring the execution of the notes by Simms, in the way they.were drawn. In either aspect of the'case, it was the duty of the chancellor,'to interpose, and grant relief. If a writing is drawn, and executed by mistake, binding a man to perform, what he had not contracted for, and is materially variant, from the understanding of the contracting parties, it isa case, in which equity demands relief; and if, in such case, the mistake is clearly proved, it may be granted, without incurring any of those damages, intended to be guarded against, by the principle, that parol testimony shall not be admitted to vary the terms of the written agreement. See the case of Coger’s executors vs. M’Gee, II, Bibb’s Rep. 321, and the authorities there cited. But the proof to authorize the admission of such testimony, must'be clear and conclusive. Such we conceive it to be in the present case. It was proper therefore, to grant relief, as to a part of the judgment at law, but for what-part, is the question?
There is no proof as to the value of current bank notes of the state, when the note became due, on the 4th of October, 1822; but the complainant alleges in his bill, that such paper, was at that time, worth and generally passed at one half only, of its nominal amount. This is not denied by any of the answers, and must be considered as a matter, of which the defendants, could not be ignorant.
By the final decree of the inferior court, the inj unction which had been granted, for $200, was properly' made perpetual, for $100, and dissolved as to the remainder, but without damages. We can see no rea.son, why damages should not have been allowed. The allegation in the complainant’s bill, that he had tendered the amount of the note, to Thomas A. Marshall, is not supported by the evidence in the cause, or admitted by any of the answers; nor indeed is there *193 any proof, that at the time of such tender, if it made, said Marsha]!, was the owner of the note.
Thornton, for plaintiff; Denny, for defendant*
The decree of 'the inferior court, must, for this reason, be reversed, with costs, and the cause rernand-ed, with directions to the court below, to render a decree, not inconsistent with this opinion.